## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FRONTIER EL DORADO REFINING LLC,<br><br>　　　　　　　　　　Defendant. | **CIVIL ACTION**<br><br>No.  15-1152-MLB |

### **MEMORANDUM AND ORDER**

Before the court are:

Defendant's Motion to Transfer Venue (Doc. 15, 16);
Plaintiffs' Memorandum in Opposition (Doc. 17); and
Defendant's Reply (Doc. 19).

Defendant moves pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Northern District of Texas. Defendant contends the action could have been brought in Texas and that various factors -- including the convenience of the witnesses and the fact that discovery has already begun in a related action in the Northern District of Texas -- weigh in favor of a transfer. For the reasons stated herein, the court finds the motion should be granted.

**I. Summary**

Plaintiffs publish specialized newsletters, including one called Oil Daily (hereinafter "OD"), that contain information and analysis on global energy matters. Plaintiffs require interested parties to purchase subscriptions to view the publications. The newsletters are distributed to subscribers by e-mail or are accessed via plaintiff's password-protected website. Interested parties can pay to view

complete newsletters or individual articles. Plaintiffs allegedly own copyright registrations in the newsletters.

The complaint alleges that from March 2001 to the present, defendant has maintained a single subscription to OD and has elected to receive its single copy of the OD newsletter via email as a PDF attachment.[1]

In January 2014, plaintiffs allegedly learned that defendant's parent company, HollyFrontier Corp., located in Texas, had a single copy subscription to OD but was electronically forwarding the newsletter to a number of individuals within that company. In May 2014, plaintiffs filed suit against HollyFrontier in the Northern District of Texas, claiming that HollyFrontier's actions infringed on plaintiffs' copyrights. See Energy Intelligence Group Inc. et al, v. HollyFrontier Corporation, No. 14-1846 (U.S. Dist. Ct., N. Dist. Tex. (Dallas)).

Plaintiffs claim they subsequently learned that defendant was likewise receiving a single-copy subscription to OD and was copying or forwarding the material to defendant's employees. In May 2015, plaintiffs filed the complaint in this action alleging that defendant's actions infringe on plaintiffs' copyrights. The complaint seeks an injunction to prevent defendant from engaging in such conduct, statutory damages and damages for willful infringement, an accounting and disgorgement, and other relief.

**II. Standards**

Section 1404(a) provides in part that "[f]or the convenience of

---

[1]PDF, or portable document format, is a computer format used to digitally present or exchange documents.

parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a).

The party moving to transfer a case pursuant to §1404(a) bears the burden of establishing that the existing forum is inconvenient. Chrysler Cred. Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991). Among the factors a district court should consider in deciding whether the case should be transferred are the following: the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical. Chrysler Cred., 928 F.2d at 1516 (quoting Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)).

**III. Discussion**

The parties do not dispute that this action could have been brought in the Northern District of Texas, so the court will proceed to weigh the factors relevant to a transfer.[2]

---

[2] The complaint alleges that defendant is a Delaware corporation with its principal place of business in Kansas. Doc. 1, ¶4. Defendant denies that allegation, Doc. 14, ¶4, and asserts that its principal place of business is in Texas, such that venue would be proper in the

-3-

Plaintiffs' choice of forum weighs only moderately against a transfer. A plaintiff's choice of forum is ordinarily given significant weight, but less deference is afforded where (as here) the plaintiff is not a resident of the district. Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1168 (10th Cir. 2010). The lesser standard thus applies. At the same time, the facts giving rise to the lawsuit have a material connection to this forum inasmuch as the alleged infringement took place in Kansas. As such, plaintiffs' choice of forum is entitled to some weight. Cf. Bartile Roofs, 618 F.3d at 1168.

The accessibility of witnesses and proof is essentially a neutral factor here. To demonstrate witness inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary. Bartile Roofs, 618 F.3d at 1169 (quoting Scheidt v. Klein, 956 F.2d 963 (10th Cir. 1992)). Plaintiffs claim that defendant's employees would not be subject to compulsory process out of Texas, but defendant represents that it will produce its employee-witnesses for deposition and/or trial in Texas and will waive any

---

Northern District of Texas. Doc. 19 at 2. Notwithstanding this dispute, plaintiffs' response does not claim that the action could not have been brought in Texas.
    It bears pointing out that the citizenship of a limited liability company is determined by considering the citizenship of its members. See Siloam Springs Hotel, LLC v. Century Surety Co., 781 F.3d 1233, 1237-38 (10th Cir. 2015). In this instance, defendant's sole member is allegedly Frontier Refining & Marketing, LLC. Doc. 16-5. The members of the latter LLC are not set forth in the pleadings.

-4-

jurisdictional challenge to subpoenas from the Northern District of Texas. Doc. 19 at 4. As such, there do not appear to be any significant obstacles to these witnesses appearing in Texas.

No issues concerning enforceability of a judgment have been suggested, nor does trial in this district versus the Northern District of Texas indicate any relative advantage or obstacle to a fair trial. The parties have cited no information about "difficulties that may arise from congested dockets." A glance at court statistics indicates that the two districts process cases at similar rates. See Admin. Office of U.S. Courts, Fed. Court Mgmt. Statistics, available at http://uscourts.gov/cgi-bin.

Plaintiffs suggest that a conflict-of-laws issue weighs against transfer. Doc. 17 at 5. They argue that under Tenth Circuit law (specifically, the "discovery rule" pertaining to accrual of claims), they can recover damages for infringing conduct dating back to 2001. But, they say, HollyFrontier intends to argue in the Texas case that Fifth Circuit law limits damages to the three year period before the filing of the complaint. Defendant, in response, argues that the Supreme Court in fact adopted the latter view in Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S.Ct. 1962 (2014). (Although some courts have already interpreted an ambiguous footnote in Petrella (134 S.Ct. at 19, n.4) to mean the Supreme Court avoided deciding whether the discovery rule remains viable. See Panoramic Stock Images, Ltd. v. McGraw-Hill Global Educ. Holding, LLC, 2015 WL 393381, *3 (N.D. Ill. 2015).) At any rate, as Petrella noted, nine courts of appeals previously adopted the discovery rule, including both the Fifth and the Tenth Circuits, so any conflict is unlikely. See Graper v. Mid-

-5-

Continent Cas. Co., 756 F.3d 388, 393 (5th Cir. 2014); Cooper v. NCS Pearson, Inc., 733 F.3d 1013, 1015 (10th Cir. 2013). Plaintiffs have not shown any material difference between Fifth and Tenth Circuit law. The issue does not weigh against transfer.

Practical factors favor transferring this case to Texas. Given the overlapping issues, it would be economical and efficient to resolve the two cases in a single district. A review of the two complaints shows that this case is more or less a carbon copy of the Texas suit. The only real difference is that this action involves the subsidiary while the Texas case involves the parent company. As defendant points out, the Texas suit was filed first and discovery has commenced in that action. The prospect of consolidated discovery might help reduce the costs of litigation. It would likely be cheaper and easier for plaintiffs to travel to Dallas rather than Wichita for hearings or trial. Defendant is willing to produce its employees for depositions and trial in Texas. All things considered, a transfer of this action to the Northern District of Texas makes practical sense and weighs strongly in favor of granting defendant's motion.

**IV. Conclusion**

Defendant's motion to transfer venue (Doc. 15) is granted. Pursuant to 28 U.S.C. § 1404(a), the clerk is directed to transfer this action to the U.S. District Court for the Northern District of Texas in Dallas, Texas.

IT IS SO ORDERED.

Dated this 20th day of August 2015, at Wichita, Kansas.

s/Monti Belot

```
                                  Monti L. Belot
                                  UNITED STATES DISTRICT JUDGE
```